IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

GREG BELTZ, )
)
    Plaintiff, )
)
vs. )
)
M & C HOTEL INTERESTS, INC., ) Case No.: 3AN-21-04165 Civil
)
    Defendant. )
)
)
)
)

## COMPLAINT

Greg Beltz ("Beltz"), by and through counsel Ashburn & Mason, P.C. alleges the following for his complaint against M & C Hotel Interests, Inc.:

### PARTIES AND JURISDICTION

1.     Beltz is an individual who resides in Alaska.

2.     M & C Hotel Interests, Inc. (M&C) is a Delaware corporation registered to do business in the State of Alaska. M & C employs persons to work at "The Lakefront Anchorage – A Millennium Hotel." ("Anchorage Millennium."), a property owned and operated by an affiliate of M & C.

3.     M&C does business as the Anchorage Millennium at 4800 Spenard Road, Anchorage.

4.     This Court has jurisdiction pursuant to AS 22.10.020.

COMPLAINT      Page 1 of 5
*Beltz vs. Anchorage Lakefront Limited Partnership,* Case No. 3AN-21-___CI
{12120-001-00676586;1}
Case 3:21-cv-00039-TMB    Document 1-1    Filed 02/19/21    Page 1 of 8
Exhibit A to Notice of Removal

5. Venue is proper in Anchorage pursuant to Alaska Rule of Civil Procedure 3(c) because the events giving rise to Plaintiff's claims occurred within this judicial district and Defendant does business in the Third Judicial District.

## FACTS GIVING RISE TO CLAIMS

6. Mr. Beltz was employed by M&C to work at the Anchorage Millennium from August 13, 2012 until his retirement on August 28, 2020.

7. Anchorage Millennium is an affiliate or subsidiary of the larger "Millennium Hotels and Resorts" hotel chain and, as such its employees participate in various benefits plans sponsored by M&C.

8. Beltz was a consistently solid performer and, beginning in 2016, participated in M&C's bonus program ("Bonus Program").

9. Under the Bonus Program, employee bonuses were accrued and calculated based on metrics for work and performance in one calendar year. The Bonus Program states that bonus payments are generally made in the second quarter of the following year and, in accordance with that policy, Beltz received bonus payments in April 2017, May, 2018, and May, 2019 for work performed in each respective prior year.

10. In 2019 Mr. Beltz performed valuable service for M&C at two hotel locations as General Cluster Manager, resulting in the highest ever gross revenue for Millennium's Anchorage property.

11. On January 24, 2020, Beltz received a positive evaluation reflecting that he had met or exceeded employer expectations in every category.

COMPLAINT Page 2 of 5
*Beltz vs. M&C Hotel Interests, Inc.*, Case No. 3AN-21-___CI {12120-001-00676586;1}
Case 3:21-cv-00039-TMB   Document 1-1   Filed 02/19/21   Page 2 of 8
Exhibit A to Notice of Removal

12. On March 20, 2020 Beltz was specifically listed and included on the approved 2019 incentive worksheet distributed to Millennium's US General Managers and Financial Controllers; the spreadsheet specifically identified that he was entitled to a bonus payment of $62,325.00.

13. When bonuses were approved on March 20, 2020, there was no indication that payments would be delayed. In fact, it was not until Mr. Beltz affirmatively inquired in July, 2020, just one month prior to his planned retirement, that he was informed that bonus payments would be postponed.

14. At the time Beltz retired on August 28, 2020, he requested that his final paycheck include all wages, salaries or other compensation for labor or service pursuant to AS 23.05.140(b).

15. M&C has failed and refused to pay Beltz any portion of the Bonus that he accrued for work in 2019.

## CAUSES OF ACTION

### COUNT I

### BREACH OF CONTRACT AND THE COVENANT OF GOOD FAITH AND FAIR DEALING

16. All foregoing allegations are incorporated as if fully re-alleged herein.

17. The Bonus Plan created a binding contractual obligation between Beltz and Millennium Anchorage.

18. Beltz relied on the existence and terms of the Bonus Plan and performed his work on 2019 with the expectation that M&C would comply with the Bonus Plan.

19. Under the language of the Bonus Plan and the prior course of conduct M&C was contractually required to pay the Bonus Plan in the second quarter of 2020.

20. Even if and to the extent M&C reserved the right to postpone payments, M&C was required to by the duty of good faith and fair dealing to exercise discretion in good faith and with reasonable advance notice so that employees would receive the reasonably expected benefit of their bargain.

21. Beltz performed all obligations required of him under the Bonus Plan.

22. M&C's failure to pay the amounts calculated to be due to him on or before his retirement date was a violation of contract, a violation of the duty of good faith and fair dealing, and has caused Beltz damages in an amount to be proven at trial.

## COUNT II
## BREACH OF AS 23.05.140

23. All the foregoing allegations are realleged and incorporated herein.

24. Alaska Statute section 23.05.140(b) provides that if employment is terminated, <u>all wages, salaries or other compensation for labor or services</u> become due immediately and shall be paid within the time required by this subsection at the place where the employee is usually paid or at a location agreed upon by the employer and employee. …If the employment is terminated by the employee, payment is due at the next regular payday that is at least three days after the employer received notice of the employee's termination of services.

25. AS 23.05.140 further provides that "if an employer violates (b) of this section by failing to pay within the time required by that subsection, the employer may

COMPLAINT Page 4 of 5
*Beltz vs. M&C Hotel Interests, Inc.*, Case No. 3AN-21-____CI {12120-001-00676586;1}
Case 3:21-cv-00039-TMB   Document 1-1   Filed 02/19/21   Page 4 of 8
Exhibit A to Notice of Removal

be required to pay the employee a penalty in the amount of the employee's regular wage, salary or other compensation from the time of demand to the time of payment, or for 90 working days, whichever is the lesser amount"

26. Beltz's employment ended with his retirement on August 28, 2020.

27. All amounts due to Beltz, including the already-earned bonus, became due upon retirement.

28. Despite demand, M&C failed to pay the bonus.

29. Beltz is therefore entitled under statute to the full payment of the bonus and a penalty under AS 23.05.140.

## REQUEST FOR RELIEF

THEREFORE, Plaintiff requests the following relief:

1. An award of damages in the amount of the unpaid Bonus;
2. An award of statutory penalties under AS 23.05.140.
3. An award of costs, interest, and attorney's fees;
4. Leave to amend this Complaint as needed; and
5. Any other relief the Court deems just and equitable.

ASHBURN & MASON, P.C.
Attorneys for Greg Beltz

DATED: January 19, 2021    By: s/Thomas V. Wang
Thomas V. Wang
Alaska Bar No. 9806035
Ashley K. Sundquist
Alaska Bar No. 1712090

COMPLAINT
Beltz vs. M&C Hotel Interests, Inc., Case No. 3AN-21-___CI
Page 5 of 5
{12120-001-00676586;1}
Case 3:21-cv-00039-TMB   Document 1-1   Filed 02/19/21   Page 5 of 8
Exhibit A to Notice of Removal



# Service of Process Transmittal
02/01/2021
CT Log Number 538979504

| | |
|---|---|
| **TO:** | David Kolar<br>M & C Hotel Interests, Inc.<br>7900 E Union Ave Ste 500<br>Denver, CO 80237-3026 |
| **RE:** | **Process Served in Alaska** |
| **FOR:** | M & C Hotel Interests, Inc.  (Domestic State: DE) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| TITLE OF ACTION: | GREG BELTZ, PLTF. vs. M& C HOTEL INTERESTS, INC., DFT. |
| DOCUMENT(S) SERVED: | - |
| COURT/AGENCY: | None Specified<br>Case # 3AN2104165 |
| NATURE OF ACTION: | Employee Litigation - Wrongful Termination |
| ON WHOM PROCESS WAS SERVED: | C T Corporation System, Juneau, AK |
| DATE AND HOUR OF SERVICE: | By Certified Mail on 02/01/2021 postmarked on 01/29/2021 |
| JURISDICTION SERVED : | Alaska |
| APPEARANCE OR ANSWER DUE: | None Specified |
| ATTORNEY(S) / SENDER(S): | None Specified |
| ACTION ITEMS: | CT has retained the current log, Retain Date: 02/02/2021, Expected Purge Date: 02/07/2021 |
| | Image SOP |
| | Email Notification,  Evonne Lucas  Evonne.lucas@millenniumhotels.com |
| | Email Notification,  David Kolar  david.kolar@millenniumhotels.com |
| | Email Notification,  James Williams  james.williams@millenniumhotels.com |
| REGISTERED AGENT ADDRESS: | C T Corporation System<br>9360 Glacier Highway<br>Suite 202<br>Juneau, AK 99801<br>866-539-8692<br>CorporationTeam@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

**CERTIFIED MAIL®**



7019 2280 0000 3982 9455



```
02  1P           $ 013.05⁰
0000273046   JAN 29 2021
MAILED FROM ZIP CODE 99501
```

ASHBURN & MASON P.C.

LAWYERS

1227 West 9th Avenue, Suite 200
Anchorage, AK 99501

---

CT Corporation System
9360 Glacier Hwy. Ste. 202
Juneau, Alaska 99801

Case 3:21-cv-00039-TMB   Document 1-1   Filed 02/19/21   Page 7 of 8   Exhibit A to Notice of Removal

From: heidi@anchorlaw.com
To: ANC_Newfilings@akcourts.us
Cc: thomas@anchorlaw.com
Subject: Greg Beltz vs. M & C Hotel Interest, Inc. Case No. 3AN-21 _____ CI   New Case Filing
Date: 1/19/2021 11:47:29 AM

IN THE DISTRICT/SUPERIOR COURT FOR THE STATE OF ALASKA
AT ANCHORAGE

GREG BELTZ )
_____ )
                Plaintiff(s), )
vs. )
 )
M & C HOTEL INTERESTS, INC. )   CASE NO. 3AN- 21-04105 CI
_____ )
                Defendant(s). )   **SUMMONS AND**
 )   **NOTICE TO BOTH PARTIES**
 )   **OF JUDICIAL ASSIGNMENT**

To Defendant: M & C HOTEL INTERESTS, INC.

You are hereby summoned and required to file with the court a written answer to the complaint which accompanies this summons. Your answer must be filed with the court at 825 W. 4th Ave., Anchorage, Alaska 99501 within 20 days* after the day you receive this summons. In addition, a copy of your answer must be sent to the plaintiff's attorney or plaintiff (if unrepresented) Thomas Wang_____, whose address is: Ashburn & Mason PC, 1227 W. 9th Avenue Ste. 200, Anchorage, Alaska 99501_____.

If you fail to file your answer within the required time, a default judgment may be entered against you for the relief demanded in the complaint.

If you are not represented by an attorney, you must inform the court and all other parties in this case, in writing, of your current mailing address and any future changes to your mailing address and telephone number. You may use court form *Notice of Change of Address / Telephone Number* (TF-955), available at the clerk's office or on the court system's website at https://public.courts.alaska.gov/web/forms/docs/tf-955.pdf to inform the court. - OR - If you have an attorney, the attorney must comply with Alaska R. Civ. P. 5(I).

### NOTICE OF JUDICIAL ASSIGNMENT

TO: Plaintiff and Defendant

You are hereby given notice that:

[X] This case has been assigned to Superior Court Judge __Walker Jr.__
    and to a magistrate judge.

[ ] This case has been assigned to District Court Judge _____

CLERK OF COURT

__1/28/2021__                By: _____
    Date                         Deputy Clerk

I certify that on __1/28/2021__ a copy of this summons was [ ] mailed [X] given to
[ ] plaintiff   [X] plaintiff's counsel along with a copy of the
[ ] Domestic Relations Procedural Order   [ ] Civil Pre-Trial Order
to serve on the defendant with the summons.
Deputy Clerk __VV__

* The State or a state officer or agency named as a defendant has 40 days to file its answer. If you have been served with this summons outside the United States, you also have 40 days to file your answer.

CIV-100 ANCH (10/17)(cs)                                Civil Rules 4, 5, 12, 42(c), 55
SUMMONS